12-361-pr
Woodard v. Shanley

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12ᵗʰ day of December, two thousand twelve.

PRESENT: DENNY CHIN,
         CHRISTOPHER F. DRONEY,
                        Circuit Judges,
         JOHN GLEESON,
                        District Judge.[*]
- - - - - - - - - - - - - - - - - - - -x

VICTOR WOODARD,
         Plaintiff-Appellant,

              -v.-                    12-361-pr

R. SHANLEY, CAPTAIN, ALBERT PRACK,
         Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:    JAMES M. BOGIN, Prisoners' Legal
                            Services of New York, Albany, New
                            York.

FOR DEFENDANT-APPELLEE:     MARTIN A. HOTVET, Assistant
                            Solicitor General (Barbara D.
                            Underwood, Solicitor General,
                            Andrew D. Bing, Deputy Solicitor
                            General, Nancy A. Spiegel, Senior
                            Assistant Solicitor General, on the
                            brief), for Eric T. Schneiderman,

----------------------

[*] The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

Attorney General of the State of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (Hurd, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Victor Woodard appeals from a judgment entered on December 29, 2011 in favor of defendants dismissing his complaint in this action brought pursuant to 42 U.S.C. § 1983. Woodard alleged that his rights under the Due Process Clause of the Fourteenth Amendment were violated when he was found guilty in disciplinary proceedings of writing an anonymous threatening letter while incarcerated at the Coxsackie Correctional Facility in May 2008. He contends that the finding was supported by insufficient evidence. The district court denied Woodard's motion for summary judgment and granted defendants' motion for judgment on the pleadings. We assume the parties' familiarity with the facts and procedural history of the case, and the issues on appeal.

We review de novo an award of judgment on the pleadings pursuant to Rule 12(c), accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the non-moving party. See L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011).

Prison inmates subject to discipline are entitled to, inter alia, "a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary

-2-

actions taken."  Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004) (citing Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974)). "[J]udicial review of the written findings required by due process is limited to determining whether the disposition is supported by 'some evidence.'"  Id. (quoting Superintendent v. Hill, 472 U.S. 445, 455 (1985)).  "This standard is extremely tolerant and is satisfied if there is any evidence in the record that supports the disciplinary ruling."  Id. (citation and internal quotation marks omitted).  "Nevertheless . . . the 'some evidence' standard requires some 'reliable evidence.'"  Id. (quoting Luna v. Pico, 356 F.3d 481, 488 (2d Cir. 2004)).

Even if a disciplinary disposition is not supported by "some evidence," state officials are entitled to qualified immunity from civil liability for actions performed in the course of their duties insofar as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Luna, 356 F.3d at 490 (quoting Wilson v. Layne, 526 U.S. 603, 614 (1999)) (internal quotation marks omitted).  "For a right to be clearly established, it 'must have been recognized in a particularized rather than a general sense.'"  Farid v. Ellen, 593 F.3d 233, 244 (2d Cir. 2010) (quoting Moore v. Andreno, 505 F.3d 203, 214 (2d Cir. 2007)).

Even assuming arguendo that the "some evidence" standard is not satisfied in this case, defendants nevertheless have qualified immunity from liability because they did not violate clearly established law.  Here, the hearing officer,

-3-

defendant R. Shanley, explained that he relied on a written report of a correction officer stating that the officer compared the threatening letter to documents in twelve inmate guidance folders before coming across Woodard's admitted writing samples and concluding that they were "similar and consistent to" the threatening letter.  Shanley also relied on the testimony of another officer who compared Woodard's writing samples to the threatening letter and independently concluded that Woodard was the author of the threatening letter.  Finally, Shanley relied on his own inspection of the handwriting samples, informed by his experience evaluating handwriting as a hearing officer, to conclude that Woodard wrote the threatening letter.

"[N]either this circuit nor the Supreme Court has clearly defined standards for determining what constitutes 'some evidence' in the context of prison disciplinary hearings; rather, decisions have addressed the problem piecemeal, focusing on the discrete problems raised by the facts of particular cases." Sira, 380 F.3d at 81.  Neither this Court nor the Supreme Court has held that three lay handwriting opinions are insufficient to prove authorship of a threatening communication in the context of prison disciplinary proceedings, or that additional corroborating evidence is necessary.  Thus, defendants' conduct did not violate Woodard's clearly established due process rights.

We have considered Woodard's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK